OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Richland County Bar Association v. Davis.
[Cite as Richland Cty. Bar Assn. v. Davis (1994),        Ohio St.3d      .]
Attorneys at law -- Misconduct -- Two-year suspension with one year suspended with conditions -- Neglect of entrusted legal matters.
(No. 94-965 -- Submitted June 15, 1994 -- Decided August 31, 1994.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-31.

On August 12, 1993, relator, Richland County Bar Association, filed an amended complaint alleging misconduct against respondent, Rees Davis of Mansfield, Ohio, Attorney Registration No. 0024415. Respondent was previously publicly reprimanded on February 20, 1991 by the Supreme Court of Ohio in case No. 90-1859 for violating DR 9-102(B)(4) (failure to promptly deliver to the client as requested by the client funds in the possession of the lawyer to which client is entitled). Richland Cty. Bar Assn. v. Davis (1991), 57 Ohio St.3d 196, 566 N.E.2d 678.

Both counts alleged a violation of DR 6-101(A)(3) (neglect of legal matter entrusted). Count I involved respondent's failure to respond, in any manner, as retained counsel in an employment case to the opposition's motion for summary judgment. Count II stemmed from respondent's failure to complete the steps necessary to incorporate a client's business venture. Respondent stipulated to having committed the alleged violations and to the facts underlying them.

These charges were heard by a panel of the Board of Commisisoners on Grievances and Discipline of the Supreme Court ("board") on March 18, 1994. Respondent, an admitted alcoholic now in recovery, accepted full responsibility for his behavior, and while attributing his acts to his drinking, acknowledged that it was not a defense. Respondent testified that he had been sober since January 27, 1993, and outlined the multi-faceted recovery program in which he was engaged, including regular attendance at AA meetings. Respondent testified that he was "absolutely" dedicated to remaining sober

and helping clients in any way he could.

In addition to several character letters on respondent's behalf, four mitigation witnesses offered testimony. William X. Haase, Director of the Ohio Lawyers Assistance Program, stated that respondent took the initiative in contacting him in the spring of 1993 to inquire into long-term alcohol recovery programs. Haase also attested to respondent's compliance with all program requirements since that time.

Judge James D. Henson and attorney James J. O'Donnell, both of Mansfield, verified respondent's sobriety since January 1993, and characterized respondent as having excellent legal skills and possessing high honesty and integrity when alcohol-free. Finally, Mansfield attorney, Russell Joshua Brown, himself a recovered alcoholic, evinced his willingness to serve as a local monitor for respondent.

The panel found a violation of DR 6-101(A)(3) as to both counts. It recommended a two-year suspension of respondent from the practice of law with one year suspended, subject to certain conditions. The board adopted the findings of fact, conclusions and, with one conditional exception, the recommendation of the panel. Accordingly, the board recommended that respondent be suspended from the practice of law in Ohio for two years with one year suspended on the following conditions: that during the ensuing two years, he (1) continue contact with the Ohio Lawyers Assistance Program, Inc. and follow its recommendations; (2) continue appropriate and successful monitoring by Russell Joshua Brown, including periodic random urinalysis; (3) attend faithfully all recommended after-care programs as deemed appropriate by the Ohio Lawyers Assistance Program, Inc.; (4) pay restitution to clients as determined by a court of law; (5) maintain all continuing legal education requirements; and (6) consume no alcohol. The board also recommended that the costs of the proceeding be charged to respondent.

Donald R. Teffner, for relator.
Charles W. Kettlewell, for respondent.

Per Curiam. We concur in the findings and recommendation of the board. Respondent is hereby suspended from the practice of law in Ohio for two years with one year suspended on the conditions set forth by the board. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents and would order a six-month suspension, stayed on conditions.